# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL CINCOSKI, | * | |
| ADC # 143538 | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 1:09-cv-00038-SWW-JJV |
| | * | |
| RICHARD, Dr., Grimes Unit, | * | |
| Arkansas Department of Correction; *et al.* | * | |
| | * | |
| Defendants. | * | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   PROCEDURAL HISTORY

Plaintiff filed a *pro se* complaint on July 29, 2009, pursuant to 42 U.S.C. § 1983, alleging claims of deliberate indifference to his serious mental health needs at the Grimes Unit of the Arkansas Department of Correction (ADC). Plaintiff made a timely demand for a jury trial and the Court held a pre-jury evidentiary hearing on August 17, 2010, as provided for in *Johnson v. Bi-State Justice Center*, 12 F.3d 1133 (8th Cir. 1993). Defendants in this matter are Dr. Richard, a psychiatrist employed by Correctional Medical Services, Dr. Daniels, a psychologist employed by the ADC, and Ms. Lisa Cash and Mr. Allan Rogers, mental health professionals also employed by the ADC.

Pursuant to the screening function of the Prison Litigation Reform Act, 28 U.S.C. § 1915(A)(b), the Court initially reviewed Plaintiff's pleadings to ensure his claims were properly framed for adjudication. The Court notes this file encompasses four volumes of pleadings, including 369 pages of pleadings filed by Plaintiff before Defendants filed an Answer. Therefore, at the pre-

jury evidentiary hearing, the Court made indepth inquiry of Plaintiff about his claims and the remedies he was seeking. Plaintiff very explicitly explained his theory of the case was that Defendants' failure to provide him adequate mental health treatment, including Seroquel, resulted in his inability to control himself or follow orders and report for work assignments as directed by prison officials. Because of the lack of proper mental health treatment and his resulting conduct, Plaintiff received disciplinary convictions and his time in prison has been extended. By way of a remedy, Plaintiff seeks a prescription for Seroquel, restoration of his "good time credits" lost because of his disciplinary convictions, and money damages.

After careful scrutiny of Plaintiff's case, the Court finds that the relief sought would necessarily imply the invalidity of his disciplinary convictions and resulting punishments. Therefore, the Court recommends that Plaintiff's claims be dismissed without prejudice in accordance with the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).

## II.    FACTS

Plaintiff is 29 years old and returned to prison in 2009 for a parole violation. He testified that he had suffered from various mental illnesses since at least 2002, and was diagnosed at the Ozark Guidance Center in Fayetteville with "substance-induced psychosis and mood disorder." Between 2002 and his incarceration at the Washington County Detention Facility in 2009, Plaintiff stated he tried his best to follow up with his mental health treatment. His prescribed medications included Risperdal (antipsychotic) and Paxil (antidepressant), and his doctor diagnosed him with "anti-social personality disorder." While he was at the Washington County jail, Plaintiff stated the jail provided him with Seroquel (antipsychotic) for the treatment of various mental health conditions. Plaintiff testified that he had suffered allergic reactions to most of the medications he had been prescribed for his condition. According to Plaintiff, only Seroquel provided him relief.

Plaintiff testified that when he reported to the ADC, prison personnel informed him he would not be prescribed Seroquel. As a new inmate and never having before been to prison, Plaintiff made no objection. However, he did seek mental health treatment and was dissatisfied with the level of care he received. Plaintiff thought the Defendants should have provided him with meaningful therapy and therapeutic programs. Additionally, he was prescribed Paxil and this drug made Plaintiff fall into a "vegetative state" and was not helpful.

As a result of Defendants' failures, Plaintiff was generally unable to conform to prison life and unable to perform work activities as required. When he failed to appear for work assignments or follow orders given by officers, he was convicted of disciplinary infractions and sentenced to punitive isolation and lost his "good time credit." Plaintiff testified that he spent approximately fifteen months in segregation, and lost an unspecified amount of good-time as a result. Plaintiff reported that he would have been eligible for parole shortly after his arrival at the Grimes Unit, but for the loss of his "good time credits" from a series of disciplinary convictions he accrued.

When asked about the remedies he was seeking through this litigation, Plaintiff reported, "All I want is my medicine and to get my good time back." According to Plaintiff, if he had been given Seroquel he would not have engaged in "assaultive behavior." In response to further questioning by the Court, Plaintiff specifically stated he was seeking restoration of his lost good time.

Plaintiff's Amended Complaint also shows that the requested relief sought in this case necessarily implicates the invalidity of his disciplinary convictions. (Doc. No. 15, p. 5). Plaintiff stated, "I'm still being denied mental health . . .[sic] and not eligible for parole due to mental health . . . [sic]." *Id.* Later, in a Motion to Amend, Plaintiff stated, "I should have made parole but I didn't because Richard is indifferent and he deliberately ignored my need and still is. . . ." (Doc. No. 35, p. 5).

## III.   ANALYSIS

The essence of Plaintiff's claims relate to the imposition of discipline that included loss of good time credits and denial of parole eligibility. These claims are barred by three decisions of the United States Supreme Court – *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Heck v. Humphrey*, 512 U.S. 477 (1994); and *Edwards v. Balisok*, 520 U.S. 641 (1997).

*Preiser* involved a due process claim related to the conduct of prison disciplinary proceedings. 411 U.S. at 476. The *Preiser* plaintiffs filed a civil rights action in which they sought the restoration of their good-time credit. *Id*. The Court concluded that plaintiffs could not sustain a civil rights action because, "[e]ven if the restoration of [good-time credit] would not have resulted in [the plaintiffs'] immediate release, but only in shortening the length of their actual confinement in prison, *habeas corpus* would have been their appropriate remedy." *Id*. at 487. The Court made clear that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id*. at 500. In reaching this conclusion, the Court observed that plaintiffs "sought no damages, but only equitable relief – restoration of their good-time credits – and our holding . . . is limited to that situation." *Id.* at 494.

The Supreme Court later expanded this holding to cases in which the prisoner seeks only monetary damages. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the plaintiff was a state prisoner who alleged that his constitutional rights had been violated during the criminal investigation and prosecution which led to his conviction. *Id*. at 479. Unlike *Preiser*, *Heck* sought damages rather than injunctive relief. *Id*. Nonetheless, the Court affirmed dismissal of the plaintiff's action, finding that his claims effectively challenged the lawfulness of his conviction and confinement. *Id*. at 479-480, 483.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 486-87 [internal footnote omitted].  As a result, "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489.

Finally, in *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997),  the Court further expanded its holding to cases in which a prisoner challenged the result of a disciplinary proceeding.  In *Edwards*, the plaintiff had been found guilty of rule violations in a prison disciplinary proceeding and his sentence included forfeiture of good-time credit.  *Id.* at 643.  After exhausting his administrative appeals, the plaintiff filed a civil rights action in which he "requested a declaration that the procedures employed by state officials violated due process," as well as compensatory and punitive damages, and injunctive relief.  *Id*.  His complaint specifically alleged that the prison official, who had served as a hearing officer during the disciplinary proceeding, had "concealed exculpatory witness statements and refused to ask specified questions of requested witnesses, . . . which prevented [the plaintiff] from introducing extant exculpatory materials and 'intentionally denied' him the right to present evidence in his defense. . . ." *Id*. at 644.  The United States Supreme Court concluded that the plaintiff's civil rights claims were barred by *Heck*, because "[t]he principal procedural defect complained of"– that the plaintiff was denied the opportunity to present a defense,

6

owing to the "deceit and bias of the hearing officer"– "would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." *Id*. at 646. As a result, the Court held that the plaintiff's "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decision maker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." *Id*. at 648.

Based on these decisions, the United States Court of Appeals for the Eighth Circuit held that under *Heck,*

> We disregard the form of relief sought and instead look to the essence of the plaintiff's claims." *Sheldon [v. Hundley]*, 83 F.3d [231] at 233 [8th Cir. 1996]. Because Portley-El seeks damages for the imposition of discipline that included the loss of good time credits, his damage claim challenges "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" and is *Heck*-barred.

*Portley-El v. Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002)(citation omitted)

In *Portley-El*, the plaintiff had argued that *Heck* did not apply to his equal protection claim, "because equal protection focuses on discriminatory treatment, not on the process due in prison disciplinary proceedings." *Id.* However, the court rejected that distinction and explicitly held that "[t]he rule in *Heck* covers any § 1983 claim that would 'necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.'" *Id*. (quoting *Heck v. Humphrey, supra* at 486). The *Portley-El* court emphasized that "the relevant inquiry is not the constitutional underpinning of the inmate's § 1983 cause of action." *Id*. Instead, the court focused its inquiry on whether the plaintiff's claims, if proven, "would necessarily . . . render the disciplinary result invalid, including the loss of good time credits." *Id*. (citing *Edwards v. Balisok, supra* at 647).

The instant claim is barred by the United States Supreme Court's decision in *Preiser,* which held that a habeas proceeding is the exclusive federal remedy for challenging the duration of a prison term. *See also Portley-El v. Brill, supra* at 1066 ("[T]he Court held in *Preiser* that habeas corpus,

not § 1983, is the exclusive federal remedy when a state prisoner seeks restoration of good time credits taken away by a prison disciplinary proceeding").

Even though the Plaintiff also seeks compensatory and punitive damages for the alleged deliberate indifference to his serious medical needs, those claims are similarly barred by *Heck* and *Edwards*. Upon close review of Plaintiff's Complaint, the Court concludes that any judgment in his favor on validity of his disciplinary convictions and loss of good-time credit claims would necessarily raise doubts about the validity of his current release date and the proper duration of his confinement. *Sheldon v. Hundley, supra* at 233.[1]

Accordingly, the Court finds that Plaintiff's action should be dismissed without prejudice at this time, because his civil rights claims will not arise, if at all, "until [he] has successfully challenged that discipline through habeas or some other proceeding." *Portley-El v. Brill, supra* at 1066.[2]

## IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

---

[1] *See Smith v. Norris*, No. 5:07-cv-00086-WRW/HDY, 2007 WL 1381646 (E.D. Ark. May 10, 2007)("In this particular case, plaintiff complains that because defendants have not adequately treated his mental health condition, he has not been able to control his behavior, which has resulted in numerous disciplinary convictions. He also complains that the employees who participated in those disciplinary hearings denied his additional requests for help, and merely punished him by sentencing him to punitive isolation and reducing his class. By asking for both injunctive and monetary relief, plaintiff is challenging the disciplinary hearing results, which would necessarily imply the invalidity of the disciplinary violations and resultant punishments."), *aff'd,* 326 Fed. Appx. 406 (8th Cir. 2009)(*per curiam*).

[2] To properly challenge his disciplinary conviction and the loss of his good time credits, a plaintiff could file, in the state chancery or circuit court where he or she is incarcerated, a petition for a *writ of mandamus* under ARK. CODE ANN. § 16-115-101 et seq., or a petition for a declaratory judgment under ARK. CODE ANN. § 16-111-101 et seq. *See Graham v. Norris*, 10 S.W.3d 457 (Ark. 2000); *Duncan v. State*, 987 S.W.2d 721 (Ark. 1999). If the trial court does not grant the requested relief, the next recourse would be to appeal to the Arkansas Supreme Court. If the Arkansas Supreme Court affirms the trial court's ruling, then a petition for a *writ of habeas corpus* could be filed in federal court.

       1.       Plaintiff's Complaint be DISMISSED without prejudice;

       2.       Defendants' summary judgment motions (Doc. Nos. 82, 86) be dismissed as moot;

       3.       Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 19195(g)[3];

and

       4.       The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 25th day of August, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3]Dismissals pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) are "strikes" for the purpose of § 1915(g), even though they are dismissals without prejudice. *Armentrout v. Tyra*, 175 F.3d 1023 (8th Cir. Feb. 9, 1999) (unpub. table op.) (citing *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462-64 (5th Cir. 1998)).