**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN  DIVISION**

| | | |
|---|---|---|
| DANIEL CINCOSKI, | * | |
| ADC # 143538 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 1:09-cv-00038-SWW-JJV |
| | * | |
| RICHARD, Dr., Grimes Unit, Arkansas | * | |
| Department of Correction; *et al.* | * | |
| | * | |
| Defendants. | * | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan

Webber Wright.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or the District Judge.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. BACKGROUND

This case was remanded by the United States Court of Appeals for the Eighth Circuit for further proceedings on four Eighth Amendment claims: 1) Plaintiff was unconstitutionally denied requested psychiatric medications; 2) Plaintiff was subjected to unconstitutional conditions of confinement while on suicide watch; 3) Plaintiff was denied personal hygiene items that led to extreme pain whereby he was denied medication; and 4) Plaintiff was denied access to water in his cell.  (Doc. No. 134.)

### II. PROCEDURAL HISTORY

Dr. Richard renewed his Motion for Summary Judgment[1] after remand.  (Doc. No.  136.)

---

[1]Rule 56(c) of the Federal Rules of Civil Procedure provides that a motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  In reviewing a motion for summary judgment, the court should view the facts in a light most favorable to the non-moving party and give the non-moving party the benefit of any inferences that can logically be drawn from those facts. *Matsushita Elec. Indus. Co.,*

Because the Court dismissed Plaintiff's cause of action (Doc. No. 120) without considering the Motions for Summary Judgment and Response, pursuant to FED. R. CIV. P. 56(f), on February 8, 2012, the Court provided notice (Doc. No. 155) that consideration would be given to those pleadings (Doc. Nos. 82, 86, 99) and allowed the parties twelve (12) days to respond.  On February 17, 2012, Plaintiff filed his response and generally objected to the Defendants' pleadings and provided additional information in support of his positions.  (Doc. No. 158.)

## III.   EIGHTH AMENDMENT

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on those convicted of a crime.  *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009).  In its prohibition of cruel and unusual punishment, the Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  This duty includes ensuring that inmates receive adequate food, clothing, shelter, and medical care, and taking reasonable measures to guarantee the safety of inmates.  *Id.* (internal citations omitted).

To succeed on an Eighth Amendment claim, plaintiff must show that defendants acted with deliberate indifference.  *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Wilson*, 501 U.S. at 303 (whether a claim is characterized as a conditions of confinement claim, medical needs claim, or a combination of both, the deliberate indifference standard is applicable); *Nelson*, 583 F.3d at 528. A prison official is deliberately indifferent if the prison official knows of and disregards a serious

---

*Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983).  Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue.  *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999).

medical need or a substantial risk to an inmate's health or safety. *Id*. at 528-529; *see Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008). To establish deliberate indifference, the inmate must show "more than mere negligence, more even than gross negligence." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008); *Jones v. MN Dep't of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008).

### A.      Denial of Psychiatric Medications

Plaintiff alleges that Dr. Richard failed to follow up with his care after an allergic reaction to Paxil and the doctor was deliberately indifferent to his medical needs by not prescribing Seroquel. (Doc. Nos. 15; 86-1 at 16-18.) Plaintiff also makes broader general allegations that Dr. Richard was generally deliberately indifferent to his psychiatric needs. (*Id.*)

Plaintiff initially reported to the medical staff on March 13, 2009, complaining of panic attacks. (Doc. No. 86-2 at 35.) Dr. Richard saw Plaintiff on March 19, 2009, and diagnosed him on Axis I with polysubstance dependence. (*Id.* at p. 2-3.) Dr. Richard prescribed the antidepressant, Paxil. *Id.*

Over the course of treatment, Dr. Richard concluded that Plaintiff was malingering and engaging in drug-seeking behavior. (Doc. No. 86-3 at 2.) Treatment notes show that Dr. Richard made the conscientious decision to discontinue psychiatric medication on May, 7, 2009, (Doc. No. 86-2 at 33) and that this decision was based on his reasoned professional judgment. (Doc. No. 86-3 at 1.) Dr. Richard made note of Plaintiff's ability to function, including the ability to write numerous and well written grievances and concluded this "would not be consistent with someone with a psychiatric disorder. This just lends more evidence to the fact that this inmate does not need the medications that he is demanding." (Doc. No. 86-2 at 6.)

Peter Edwards, M.D., evaluated Plaintiff on November 25, 2009, and came to the same conclusion. (Doc. No. 86-2 at 9-10.) Dr. Edwards diagnosed Plaintiff on Axis I with malingering

and a history of polysubstance abuse disorder. (*Id.* at 10.) He stated, "I certainly didn't see anything that would indicate to me that this man needed to be on any kind of psychiatric medication. In fact, I think it would be contraindicated in somebody that's this insistent that they have mental illness and they don't." *Id.*

After carefully reviewing Plaintiff's allegations and the information submitted by Dr. Richard in support of his Second Motion for Summary Judgment (Doc. No. 136), the Court concludes that Plaintiff's claims against Dr. Richard stem from a disagreement about the prescribed course of medical treatment. While Plaintiff disagrees with the diagnosis and treatment provided by Dr. Richard, Plaintiff was nonetheless given adequate treatment. And an inmate's difference of opinion over matters of expert judgment or a course of medical treatment does not amount to a constitutional violation. *Nelson v. Shuffman*, 603 F.3d 439, 448 (8th Cir. 2010); *Meuir v. Greene Cnty. Jail Emp.*, 487 F.3d 1115, 1118-19 (8th Cir. 2007). Although Plaintiff believes Dr. Richard failed to treat him, including not prescribing Seroquel, the evidence shows that Dr. Richard did provide treatment and made conscientious treatment decisions that he believed to be in Plaintiff's best interests.

Furthermore, Plaintiff's newly submitted evidence – filed in opposition of the Defendants' Motions for Summary Judgment – is consistent with the conclusions of Dr. Richard and Dr. Daniels. On March 7, 2002, Ester Arejola Salvador, M.D., diagnosed Plaintiff on Axis I with Substance-Induced Mood Disorder with psychosis and Polysubstance Abuse. (Doc. No. 158 at 15.) Dr. Salvador prescribed the anti-psychotic, Risperdal, but Plaintiff's psychosis was a result of his illegal drug use. *Id.* And doctors did later prescribe Seroquel which again was to treat his drug induced psychosis. *Id.* at 16-18. Thus, the record fails to support an allegation that Dr. Richard was deliberately indifferent to Plaintiff's serious medical needs by failing to prescribe Seroquel.

While only Dr. Richard was in a position to prescribe psychiatric medication, Plaintiff has also not shown that the other Defendants – Dr. Daniels, Mrs. Cash, and Mr. Rogers – unconstitutionally failed to provide necessary mental health treatment.  As the defense states, Plaintiff was seen at least eighty-eight (88) times by mental health care professionals in thirteen (13) months of incarceration.  (Doc. No. 87 at 7.)  Medical records show that Plaintiff failed to report for treatment, refused to follow instructions of the mental health staff, malingered, and engaged in drug seeking behavior.  (Doc. 86-2 at 11-36.)  Clearly, Plaintiff disagreed with the mental health treatment provided by Defendants.  (*Id.*, Doc. No. 84-1.)  But this disagreement fails to support Plaintiff's claim that the mental health staff were deliberately indifferent to any of Plaintiff's mental health needs.  Summary judgment (Doc. Nos. 82, 136) should be GRANTED on these claims.

**B.      Conditions of Confinement**

Plaintiff alleges Defendants violated his constitutional rights when they placed him on "suicide watch" and he was subjected to a camera in his cell and was denied medications, shoes, clothes, underwear and a blanket.  (Doc. 15 at 4.)  He also states he was subjected to freezing temperatures and was provided alternate meals.  *Id.*

Plaintiff's unconstitutional conditions of confinement claims are also analyzed under the Eighth Amendment deliberate indifference standard.  *Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994).  Plaintiff must show defendants knew of, yet disregarded, an excessive risk of harm to his health and safety, or were deliberately indifferent to his serious medical needs.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  While the Eighth Amendment "does not mandate comfortable prisons," it does impose a duty on prison officials to provide "humane conditions of confinement." *Id.* at 832.

In analyzing this claim, the Court first finds that Plaintiff has alleged no actual injury as a

result of his conditions of confinement on suicide precautions.  A prisoner cannot sustain an Eighth Amendment claim unless he can show that he suffered some "actual injury."  *See White v. Holmes*, 21 F.3d 277, 281 (8th Cir.1994) ("[w]hile a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation").  The Prison Litigation Reform Act provides that no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody, *without a prior showing of physical injury*.  42 U.S.C. § 1997e(e) (emphasis added).  Here, while Plaintiff complained about the conditions in his cell, he has not alleged that any physical injury occurred as a result of those conditions.  In the absence of actual injury, the Court recommends finding that Plaintiff's claim on this point is barred by statute.

Although uncomfortable, Plaintiff's placement on precautions did not amount to an Eighth Amendment violation.  *See O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82 (8th Cir. 1996) (no Eighth Amendment violation by prison officials for denying inmates underwear, blankets, a mattress and exercise over a four-day period); *see also Williams v. Delo*, 49 F.3d 442 (8th Cir. 1995) (no constitutional violation for inmate confined to a strip cell for four days without bedding, a mattress, soap and other hygiene items).

Moreover, Plaintiff admits he told the mental health staff he was having suicidal ideations. (Doc. No. 84-1 at 9-10.)  Thus, Plaintiff was placed on precautions for his own safety and Plaintiff has failed to allege claims showing that Defendants acted with deliberate indifference to his serious medical needs.  Defendants' Motion for Summary Judgment (Doc. No. 82) on this point should be GRANTED.

## C.    Denial of Personal Hygiene Items and Pain Medication

In his Amended Complaint (Doc. No. 15), Plaintiff states, "I was also deprived of my

personal hygiene [items] at Grimes for very long periods of time causing my gums to develop canker sores and bleeding and causing extreme pain that I even requested pain med[ications] and was denied." (Doc. No. 15 at 5.)  Plaintiff does not state who was responsible, a necessary element in an actionable claim, and, aside from placement on precautions, it is not logical that his mental health providers would have the authority to deprive Plaintiff of these items.  Rather, the evidence before the Court shows that Plaintiff was in punitive confinement at times.  (Doc. No. 86-2 at 11-36.) Accordingly, Defendants' Motion for Summary Judgment (Doc. No. 82) on this point should be GRANTED and this claim dismissed.

### D.   No Access to Water

Plaintiff states, "They denied me water at times to turning my water completely off."  (Doc. No. 15 at 5.)  Plaintiff again fails to state who was responsible for this action and again it is illogical to think the instant Defendants had authority to take this action.  More likely, as the evidence reveals, the corrections staff cut off his water as a result of his punitive confinement.  In addition, Plaintiff has not alleged any injury as a result of this claim.  42 U.S.C. § 1997e(e).  Thus, Defendants' Motion for Summary Judgment (Doc. No. 82) on this issue should be GRANTED and this claim dismissed.

### E.   Qualified Immunity

Defendants have moved for summary judgment based on the doctrine of qualified immunity. Qualified immunity protects officials who acted in an objectively reasonable manner.  It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005).  Thus, issues

concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

Upon close review of the medical records and Plaintiff's own statements, the Court finds that Defendants acted reasonably under the circumstances. No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right. As noted, Defendants made conscientious treatment decisions based on their mental health expertise. They rejected Plaintiff's self diagnosis of bipolar disorder and do not believe he suffers from an illness requiring psychiatric medication. Defendants' conclusions that Plaintiff has antisocial personality disorder and engages in drug seeking behavior and malingering is supported by the evidence of record and their actions were reasonable in light

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 129 S.Ct. at 818).

of circumstances.  Therefore, the Court finds Defendants are entitled to qualified immunity on Plaintiff's federal claims without further inquiry.

## IV.   MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff seeks leave to file another Amended Complaint (Doc. No. 149).  He seeks to add Wardens Maples and Hurst and Sergeants Collins, Staggs, and Nelson as defendants and alleges retaliation for filing the instant lawsuit.  He makes additional allegations of sexual abuse, excessive force, and claims of unconstitutional conditions of confinement.  Although he raised some of these allegations in the instant lawsuit, the proposed claims are new, more recent, and unrelated to this case.  Plaintiff's proposed claims fail to provide dates or descriptions of the alleged events and would likely fail to survive screening under the Prison Litigation Reform Act.  28 U.S.C. § 1915A(a).  Therefore, Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 149) should be DENIED.

## V.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Dr. Richard's Second Motion for Summary Judgment (Doc. No. 136) should be GRANTED;

2.      Defendants Cash, Daniels, and Rogers' Motion for Summary Judgment (Doc. No. 82) should be GRANTED;

3.      Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 149) should be DENIED;

4.      All pending motions should be rendered MOOT;

5.      Plaintiff's cause of action should be DISMISSED with prejudice.

DATED this <u>21st</u> day of February, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE